Ignacio J. Hiraldo (State Bar No. 354826)
IJH LAW
1100 Town & Country Road Suite 1250
Orange, CA 92868
E: ijhiraldo@ijhlaw.com
T: 657.200.1403
Counsel for Plaintiff and Proposed Class

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARIKA MARTIN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EXP REALTY OF CALIFORNIA, INC.,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227, ET SEQ. (TCPA)**<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

1. Plaintiff Marika Martin brings this class action against Defendant eXp Realty of California, Inc. and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

**NATURE OF THE ACTION**

2. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. (the "TCPA").

3. Defendant is a California-licensed real estate broker.

4. To promote its goods and services, Defendant engages in unsolicited robocalling in violation of the TCPA, including placing calls to consumers that have registered their telephone numbers on the National Do Not Call Registry.

CLASS ACTION COMPLAINT
1

5. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct which has resulted in intrusion into the peace and quiet in a realm that is private and personal to Plaintiff and the Class members. Plaintiff also seeks statutory damages on behalf of herself and members of the Class, and any other available legal or equitable remedies.

**PARTIES**

6. Plaintiff is, and at all times relevant hereto was, a citizen and resident of Sacramento County, California.

7. Plaintiff is, and at all times relevant hereto was, an individual and a called party under the TCPA in that Plaintiff was the regular user of cellular telephone number that received Defendant's unwanted calls.

8. Defendant is a Washington corporation with its principal place of business in Bellingham, Washington.

9. Defendant is headquartered at 2219 Rimland Dr., Ste 301, Bellingham, Washington 98226.

10. Defendant directs, markets, and provides its business activities throughout the United States, including throughout the state of California.

**JURISDICTION AND VENUE**

11. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the TCPA, 47 U.S.C. §§ 227, *et seq*.

12. Defendant is subject to personal jurisdiction in California because this suit arises out of and relates to Defendant's contacts with this state. Defendant initiated and directed telemarketing and/or advertising robocalls into California. Specifically, Defendant initiated and directed the transmission of unsolicited robocalls to Plaintiff's cellular telephone number to sell goods, services or products in California. Plaintiff's telephone number has an area code that specifically coincides with locations in California, and Plaintiff received such calls while residing in and physically present in California.

13. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction,

and because a substantial part of the events or omissions giving rise to the claim occurred in this District.

**FACTS**

14. Defendant is a real estate broker that engages in telemarketing to generate revenue.

15. Consistent with its marketing practices, Defendant caused prerecorded voice message telemarketing calls to be transmitted to Plaintiff's cellular telephone number ending in 2113 ("2113 Number").

16. Specifically, Defendant placed a prerecorded telemarketing call to the 2113 Number on August 22, 2023 from the phone number 925-399-1876.

17. Defendant placed another prerecorded telemarketing call to the 2113 Number on March 25, 2024 from the telephone number 925-350-4389.

18. Upon listening to the messages, Plaintiff was easily able to determine that they were prerecorded and not a live person speaking.

19. The prerecorded voice message calls state that they were being sent by Vangie of eXp Realty.

20. Plaintiff is the regular user of the cellular telephone number that received the above telephonic sales calls.

21. Plaintiff registered the 2113 Number on the National Do-Not-Call Registry on August 10, 2013, prior to the filing of this case.

22. Plaintiff utilizes the cellular telephone number that received Defendant's calls for personal purposes and the number is Plaintiff's residential telephone line and primary means of reaching Plaintiff at home.

23. Defendant's prerecorded message calls constitute telemarketing/advertising/solicitations because they promote Defendant's business, goods and services.

24. Specifically, both messages discussed Defendant's real estate services and sought to have Plaintiff respond and engage Defendant's services.

25. Defendant's calls were not purely informational, and Defendant stood to gain financially from transactions with Plaintiff and the Class Members had they acted on the calls.

26. Plaintiff never provided Defendant with express written consent authorizing Defendant to transmit prerecorded sales or marketing calls to Plaintiff's cellular telephone number.

27. More specifically, Plaintiff never signed any type of authorization permitting or allowing the placement of prerecorded sales, solicitation, and/or marketing calls.

28. Plaintiff never provided Defendant with any type of consent or permission to contact her with prerecorded message calls on her cellular telephone.

29. Plaintiff never provided her telephone number to Defendant.

30. Plaintiff has not had a business relationship with Defendant.

31. Plaintiff did not have an ongoing relationship with Defendant and did not require Defendant's services. Rather, Defendant was attempting to sell a new service for which Plaintiff would have to pay.

32. Upon information and belief, Defendant caused similar prerecorded messages to be sent to individuals residing within this judicial district.

33. Upon information and belief, Defendant maintains and/or has access to outbound transmission reports for all robocalls that were sent which advertised and/or promoted its services and goods. Upon information and belief, these reports show the dates, times, target telephone numbers, and content of each message sent to Plaintiff and the Class members.

34. Defendant's unsolicited prerecorded messages caused Plaintiff additional harm, including invasion of privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's call also inconvenienced Plaintiff and caused disruption to Plaintiff's daily life.

## CLASS ALLEGATIONS

**PROPOSED CLASS**

35. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff individually and on behalf of all other similarly situated persons as a class action pursuant to Federal Rule of Civil Procedure 23.

36. The Classes that Plaintiff seeks to represent are defined as:

**PRERECORDED MESSAGE CLASS**: All persons within the United States who, within the four years prior to the filing of this lawsuit through the date of class certification, received one or more prerecorded voice calls regarding Defendant's property, goods, and/or services on their cellular telephone line.

**DNC CLASS:** All persons in the United States who from four years prior to the filing of this action through the date of class certification (1) Defendant placed more than one call within any 12-month period; (2) where the person's telephone number that had been listed on the National Do Not Call Registry for at least thirty days; (3) regarding Defendant's property, goods, and/or services.

37. Defendant and its employees or agents are excluded from the Class.

**NUMEROSITY**

38. Upon information and belief, Defendant has placed prerecorded telemarketing calls to telephone numbers belonging to at least 50 persons. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

39. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**COMMON QUESTIONS OF LAW AND FACT**

40. There are numerous questions of law and fact common to members of the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the members of the Class are:

    a. Whether Defendant made non-emergency calls to Plaintiff's and Class members' cellular telephones using a prerecorded message;

    b. Whether Defendant made telemarketing calls to Plaintiff's and Class members' cellular telephones using a prerecorded message;

    c. Whether Defendant initiated solicitation telephone calls to Plaintiff and the Class members who had registered their numbers on the National Do Not Call Registry;

   d. Whether Defendant can meet its burden of showing that it had consent to make such calls;

   e. Whether Defendant's conduct was knowing and willful; and

   f. Whether Defendant is liable for damages, and the amount of such damages.

41. The common questions in this case are capable of having common answers. Plaintiff and the Class members have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

42. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

43. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### SUPERIORITY

44. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

45. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another

may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**Violations of the 47 U.S.C. § 227(b) and 47 C.F.R. § 64.1200**
**(On Behalf of Plaintiff and the Prerecorded Message Class)**

46. Plaintiff re-alleges and incorporates the foregoing allegations set forth in paragraphs 1 through 45 as if fully set forth herein.

47. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any …artificial or prerecorded voice to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

48. It is a violation of the TCPA regulations promulgated by the FCC to "initiate any telephone call…using an… artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 C.F.R. § 64.1200(a)(1)(iii).

49. Additionally, it is a violation of the TCPA regulations promulgated by the FCC to "[i]nitiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, …artificial or prerecorded voice …other than a call made with the prior express written consent of the called party or the prior express consent of the called party when the call is made…" 47 C.F.R. § 64.1200(a)(2).

50. Defendant used prerecorded messages to make non-emergency telephone calls to the cellular telephones of Plaintiff and other members of the Class.

51. Defendant did not have prior express consent to call the telephones of Plaintiff and the other members of the putative Class when its calls were made.

52. Defendant did not have prior express written consent to call the telephones of Plaintiff and the other members of the putative Class when its calls were made.

53. Defendant has, therefore, violated § (b)(1)(A)(iii) and § 64.1200(a)(1)(iii) and (a)(2) by using prerecorded messages to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the putative Class.

54. As a result of Defendant's conduct and pursuant to § 227(b) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the members of the Class are also entitled to an injunction against future calls. *Id.*

55. Plaintiff requests for this Court to enter an Order granting the relief outlined in the Prayer for Relief below.

**COUNT II**
**Violations of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d)**
**(On Behalf of Plaintiff and the Class)**

56. Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 through 45 as if fully set forth herein.

57. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides in pertinent part that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

58. Per 47 C.F.R. § 64.1200(e), § 64.1200(c) is "applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

59. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

60. Defendant violated 47 C.F.R. § 64.1200(c) by initiating telephone solicitations to telephone subscribers such as Plaintiff and the Class members who registered their respective

telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

61. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and Class members received more than one message in a 12-month period from Defendant in violation of 47 C.F.R. § 64.1200.

62. As a result of Defendant's conduct as alleged herein, Plaintiff and the Class members suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

63. Plaintiff requests for this Court to enter an Order granting the relief outlined in the Prayer for Relief below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b) An award of statutory damages for Plaintiff and each member of the Classes as applicable under the TCPA;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all prerecorded telemarketing calls made without express written consent, and to otherwise protect the interests of the Class;

e) An injunction requiring Defendant to comply with 47 C.F.R. § 64.1200(d) by (1) maintaining the required written policies; (2) providing training to their personnel engaged in telemarketing; and (3) maintaining a do-not-call list; and

f) Such further and other relief as the Court deems necessary.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury.

**DOCUMENT PRESERVATION DEMAND**

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the calls as alleged herein.

Dated: November 13, 2024                    Respectfully submitted,

**IJH LAW**

By: */s/ Ignacio Hiraldo*
Ignacio J. Hiraldo (State Bar No. 354826)
1100 Town & Country Road Suite 1250
Orange, CA 92868
E: ijhiraldo@ijhlaw.com
T: 657.200.1403

*Counsel for Plaintiff and Proposed Class*